UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

LIN, CHANG MEI,

                        Plaintiff,

- versus -

YEH'S BAKERY, INC. and YI SHIH YEH AKA YI-SHIH YEH,

                        Defendants.

MEMORANDUM AND ORDER
12-CV-2146 (JG)

A P P E A R A N C E S

    TROY & ASSOCIATES, PLLC
    41-25 Kissena Blvd., Suite 119
    Flushing, NY 11355
By:    John Troy
    *Attorney for Plaintiff*

    LAW OFFICE OF ALEX J RU, PLLC
    401 Broadway, Suite 1603
    New York, NY 10013
By:    Alex J Ru
    *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

Plaintiff Chang Mei Lin brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201 *et seq.* and the New York Labor Law. Defendants Yeh's Bakery, Inc. and Yi Shih Yeh ("Yeh") move for summary judgment dismissing Lin's complaint. For the reasons discussed below, Yeh's motion is denied.

BACKGROUND[1]

Lin began working at Yeh's Bakery as a baker's helper in 2006. Yeh's Bakery is located at 57-25 Main Street in Flushing, which is in Queens. The bakery sells pastries, cakes and other baked goods. Yeh is the sole owner of Yeh's Bakery.

---

[1] The facts set forth here are either undisputed, or, if disputed, are viewed in the light most favorable to Lin, the nonmoving party. *See Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002).

Lin worked at Yeh's Bakery for six years until 2012, when her employment was terminated. Lin's duties at the bakery included preparing cake toppings, creams and fillings. Lin also cleaned the bakery's restroom and dishes. Lin Aff. at 6.

Yeh's Bakery was open seven days a week and Lin regularly worked six days a week, over 60 hours per week. Lin Aff. at 7. On Thursday to Sunday, Lin worked 10 hours a day, on Wednesdays she worked 8.5 hours and on Mondays she worked 11.5 hours. *Id.* At the beginning of her employment, Lin earned $1000 a month; before she was terminated in 2012, she earned $1500 a month.

Lin alleges that Yeh intentionally did not pay her minimum wage, and did not compensate her for overtime and spread of hours pay when her work days exceeded ten hours.

## DISCUSSION

*A.     The Summary Judgment Standard*

A court may grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "In deciding whether there is a genuine issue of material fact as to an element essential to a party's case, the court must examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *Abramson v. Pataki,* 278 F.3d 93, 101 (2d Cir. 2002) (internal quotation marks omitted).

On the other hand, in order "[t]o survive summary judgment . . . the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"

*Reiseck v. Universal Commc'ns of Miami,* No. 06 Civ. 777 (TPG), 2012 WL 3642375, at *2 (S.D.N.Y. Aug. 23, 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 11 (1986)). However, "[c]onclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact [,]" *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir.1998), and the "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Anderson,* 477 U.S. at 252. Summary judgment is appropriate if the evidence produced would not allow a reasonable juror to find in favor of the nonmoving party. *See Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2004).

### B. Lin's FLSA Causes of Action

Congress enacted the FLSA in an effort to "protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas–Best Freight Sys. Inc.,* 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a) (footnote omitted)). The remedial statute applies to all "employers," which Congress defines broadly to include "any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d). To claim FLSA coverage, an employee must demonstrate either that he was "engaged in commerce or in the production of goods for commerce," (so-called "individual coverage"), or that his employer was "an enterprise engaged in commerce or in the production of goods for commerce," (so-called "enterprise coverage"). *Id.* §§ 206(a), 207(a)(1).

Commerce is defined as "trade, commerce, transportation, transmission, or communication among several States or between any State and any place outside thereof." 29

U.S.C. § 203(b). "Enterprise engaged in commerce or in the production of goods for commerce" is defined as an enterprise that –

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A).

1. *The Enterprise Coverage*

Relying on three years of Yeh's Bakery's federal tax returns — which state that the bakery never earned more than $255,679 in annual gross sales between 2009 and 2011 — Yeh contends that defendants are entitled to summary judgment because Lin has failed to prove that the bakery met the "crucial $500,000 annual gross sales requirement." Defs.' Mem. of Law in Support of Mot. for Summ. J. 9. This argument is without merit.

First, "the question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiffs' claims rather than [to] the Court's subject matter jurisdiction." *Velez v. Vassallo*, 203 F.Supp.2d 312, 332 (S.D.N.Y. 2002); *Benitez v. F & v. Car Wash, Inc.*, 11–CV–01857 (DLI), 2012 WL 1414879, *1 (E.D.N.Y. Apr. 24, 2012) (collecting cases and concluding that "the question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability"). Accordingly, in order to survive summary judgment, Yin need not prove that Yeh's Bakery had a

gross income of more than $500,000; that would be her burden at trial.  Lin need only show that there is a genuine dispute of fact regarding the issue.  She has done so.

First, viewing the evidence in the light most favorable to Lin, she was a full time employee who regularly worked six days a week, 60 hours a week.  Lin Aff. at 7.  However, Lin's W-2 from Yeh's Bakery indicates that Lin's yearly wages were $3,060 in 2008 and $4,080 in 2009 through 2011.  Pl.'s Mem. of Law in Opp. to Defs.' Mot. for Summ. J. Exh. 2.  Also, Lin contends that in 2011 she earned $17,300; however, Yeh *reported* her earned income as only $4,080.  Pl.'s Mem. of Law in Opp. to Defs.' Mot. for Summ. J. 9.  Further, Yeh does not contest that Yeh's Bakery had a total of ten employees.  Lin Aff. at 24.  Yet the tax return for 2011 shows salaries and wages of only $22,941.  Yeh's Aff. Exh.  If all employees were compensated equally, that would amount to annual wages of $2,294.10 per employee.  This seems unlikely.  A reasonable juror could readily conclude that Yeh's Bakery paid significantly more in wages than it stated on its tax returns.

In addition, Lin has offered a sworn statement that the bakery grossed more than $2,000 a day on average in sales from cakes, pastries, bread, cookies, coffees, teas and other beverages.  Lin Aff. at 11.  This estimate does not include spikes in cake production and sales for holidays, including Mother's Day, Mooncake Holiday, Thanksgiving, Christmas, New Year's Day and Chinese New Years.  On average, Lin helped prepare 30-35 cakes on the six days she worked.  Lin Aff. at 12.  On the holidays, however, she would help produce 100 – 400 cakes.  Cakes at Yeh's Bakery range in price from $17 to $238.  Pl.'s Mem. of Law in Opp. to Defs.' Mot. for Summ. J. Exh. 1. Given that the bakery is open 365 days a year (Yin Aff. at 9), a juror could conclude from Lin's testimony that the bakery grossed well over $500,000 annually.  In short, Yeh's tax returns fall short of establishing as a matter of law that the annual gross income

of the bakery falls below the FLSA threshold. *See, e.g., Amaya v. Superior Tile & Granite Corp.*, No. 10 Civ. 4525 (PGG), 2012 WL 130425, at *4 (S.D.N.Y. Jan. 17, 2012) (finding defendant's tax returns "entirely unreliable" and "utterly inconsistent with a business employing six to eight workers full time . . . "). Viewing all the facts in the light most favorable to Lin, a reasonable jury could conclude that Yeh's Bakery had gross annual sales of $500,000 or more in any given year during the relevant periods.

Finally, Lin contends that Yeh was engaged in commerce even though the bakery is a local business. She argues that Yeh's employees handled goods and materials that were moved or had been produced in interstate commerce. Pl.'s Mem. of Law in Opp. to Defs.' Mot. for Summ. J. 9. Yeh contends that Yeh's Bakery "does not have any employee engage in commerce nor in the production of goods for commerce." Defs.' Mot. for Summ. J. 9.

Even "local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Archie v. Grand Cent. P'ship, Inc.*, 997 F.Supp. 504, 530 (S.D.N.Y. 1998). Therefore, the test is met if Lin or other employees merely handled supplies or equipment that originated out-of-state. Thus, enterprise coverage exists as long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce. *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114, 121 (E.D.N.Y. 2011) (collecting cases); *Archie,* 997 F.Supp. at 530–31.[2]

---

[2] It should not come as a surprise that given the expansiveness of this test, "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Archie,* 997 F.Supp. at 530 (quoting *Dunlop v. Indus. Am. Corp.,* 516 F.2d 498, 501–02 (5th Cir. 1975)).

Yeh does not contest that Lin and the other baker's helper's duties included "cleaning the bakery's restroom and doing the dishes." Lin Aff. 6, 24. Other cases discussing this element in an FLSA context have held that it is logical to conclude that janitorial/cleaning supplies have moved in interstate commerce. *See Locke*, 690 F.Supp.2d at 88 ("Cleaning products purchased locally have been moved in or produced for commerce, and custodians are employees who handle these products.") (internal quotations omitted); *Boekemeier*, 86 F.Supp.2d at 285 (S.D.N.Y. 2000) ("Plaintiff's handling of janitorial goods that have moved in commerce . . . [is] more than sufficient to invoke enterprise coverage."); *Archie,* 997 F.Supp. at 530 (concluding that bags, brooms, shovels, and pails used by sanitation workers "undoubtedly moved in interstate commerce to New York City."). When viewing these facts in the light most favorable to Lin, a reasonable jury could conclude that Yeh's Bakery's employees were handling products in interstate commerce.

Accordingly, Yeh's motion for summary judgment is denied.

2. *The Statute of Limitations*

Yeh also contends that Lin's FLSA claims prior to May 1, 2009 are barred by the three-year statute of limitations. Defs.' Mot. for Summ. J. 7. According to 28 U.S.C. § 255(a), (b), any claim arising under the FLSA is subject to a two-year limitations period, unless the cause of action arose from "a willful violation," in which case the statute of limitations is three years. The term "willful" is not specifically defined in the FMLA. In *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988), the Supreme Court held that an employer acts willfully under the FLSA when he or she "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." Lin filed her complaint on May 1, 2012. She does not

contest that her FLSA claims arising between 2006 and May 1, 2009 are barred by the statute of limitations.[3]

Because this issue is not contested, I find that Lin's FLSA claims arising more than three years prior to his filing of this complaint are barred by the statute of limitations. Whether Yeh acted willfully in violating the FLSA is a question of fact for the jury. If the jury determines that Yeh did not act willfully, then the two-year statute of limitations will be applied to Lin's FLSA claims.

## CONCLUSION

The defendants' motion for summary judgment is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 7, 2013
Brooklyn, New York

---

[3] Unlike the FLSA, the New York Labor Law imposes a longer statute of limitations for bringing claims: whereas aggrieved employees must bring claims within two to three years under the FLSA (depending on whether the violation was willful), employees have six years after the alleged violation to raise claims under the NYLL. 29 U.S.C. § 255(a); N.Y. Lab. Law § 663(1), (3). Therefore, Lin's state-law claims arising after May 1, 2006 are not be barred by the statute of limitations.